UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALYSON LUUKKONEN,

      Plaintiff,

                                                        File No. 1:13-CV-1115

v.

                                                        HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                               /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

      This is a social security review action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The matter was referred to Magistrate Judge Phillip J. Green, who issued a Report and Recommendation ("R&R") on February 9, 2015, recommending that this Court affirm the final decision of the Commissioner of Social Security. (ECF No. 21.) The matter is presently before the Court on Plaintiff's objections to the R&R. (R&R 22.) In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Opinion and Order.

      "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff makes three objections to the Magistrate Judge's report: (1) the Magistrate Judge and Commissioner failed to apply Social Security Ruling ("SSR") 12-2p; (2) the Commissioner and Magistrate Judge exceeded the role of finders of fact by making medical findings; and (3) the Magistrate Judge did not cite law to support the proposition that a motion must be reasserted in order to be reconsidered. (Obj., ECF No. 22.)

**1. SSR 12-2p**

Plaintiff argues that, although the ALJ issued his decision on May 8, 2012, the Commissioner's decision did not become final until August 13, 2013, after the effective date of Social Security Ruling ("SSR") 12-2p on July 25, 2012. Thus, the Commissioner's final decision should have considered the policy interpretation ruling contained within SSR 12-2p. (Obj. 2-3.) Plaintiff also suggests that the ALJ and the Commissioner would not have dismissed Plaintiff's medical diagnosis of fibromyalgia had they followed SSR 12-2p. (Pl.'s Br. 7-9; Obj. 2-3.)

Social Security Ruling 12-2p provides guidance on how to establish that a claimant has a medically determinable impairment (MDI) of fibromyalgia (FM). SSR 12-2p, *available at* http://www.ssa.gov/OP_Home/rulings/di/01/SSR2012-02-di-01.html. The ALJ followed the five-step sequential evaluation process to determine whether Plaintiff is disabled. *See* SSR 12-2p at VI. At step two, the ALJ made a specific finding that Plaintiff had a severe

impairment of fibromyalgia. (ALJ May 8, 2012 Decision 3, ECF No. 9-2.) *See* SSR 12-2p at VI.B. While assessing Plaintiff's Residual Functional Capacity (RFC) in steps four and five, the ALJ considered the FM diagnosis and comments from physician Dr. Carol Beals, M.D., a rheumatologist. (Decision 5-6.) Dr. Beals did not identify any specific functional restrictions stemming from Plaintiff's fibromyalgia. *See* SSR 12-2p at VI.D, VI.E.1. Plaintiff fails to explain how the ALJ's RFC assessment contravenes SSR 12-2p or how the Commissioner's final decision should have differed in light of SSR 12-2p. As Plaintiff herself points out, SSR 12-2p "is merely a binding interpretation of that which was already lawfully in effect." (Obj. 3.) The Commissioner's failure to cite explicitly to SSR 12-2p does not render her decision invalid, nor does it provide a basis for otherwise disturbing her decision without a showing of error under SSR 12-2p.

## 2. Role of Fact Finder

Plaintiff next argues that the Commissioner and Magistrate Judge exceeded the role of finders of fact and replaced the medical judgment of treaters with their own judgment when they attacked the evidence weighing in favor of disability. (Obj. 3, 6.) Plaintiff suggests that the weight of evidence supports a finding of mental impairment, and that her mental impairment, although consistent with a "well organized thinking process" and capacity to follow simple directions, nonetheless provides a basis for RFC restrictions. (Obj. 4-6.)

Neither the Commissioner nor the Magistrate Judge replaced the judgment of medical professionals. Rather, the Commissioner and Magistrate Judge weighed the body of evidence

to determine whether Plaintiff met her burden of proof on the first four steps of the five-step sequential evaluation process to show that she is disabled. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The RFC determination is an issue reserved to the Commissioner, not a medical professional. 20 C.F.R. §§ 416.927(d)(2), (3). Dr. Tatyana Sigal, Plaintiff's treating psychiatrist, completed an RFC questionnaire indicating that Plaintiff was "moderately" and "markedly limited" in numerous areas of functioning related to sustained concentration and persistence, social interactions, and adaptation. (ECF No. 10-5, Page ID ## 511-12.) The ALJ's rejection of the RFC questionnaire was not a substitution for Dr. Sigal's medical judgment. The ALJ properly accorded insignificant weight to the questionnaire because the answers were unsupported by Dr. Sigal's own analysis and were inconsistent with other documented medical evidence within the record. Weighing evidence and rejecting inconsistent or unsupported evidence is within the ALJ and Commissioner's role. Thus, Plaintiff's objection that the Magistrate Judge and Commissioner improperly evaluated evidence or replaced medical professionals must be overruled.

**3. Motion to Subpoena**

Plaintiff argues that he knows of no authority to support the Magistrate Judge's proposition that a motion brought on the record must be reasserted in order to be reconsidered. (Obj. 7.)

Contrary to Plaintiff's assertions, the Magistrate Judge did not conclude that a properly submitted motion must be reasserted. The Magistrate Judge acknowledged that

Plaintiff has no unqualified right to subpoena Dr. Steven Geiger, Ph.D., a Consulting Examiner who submitted a pre-hearing report. *See Calvin v. Chater*, 73 F.3d 87, 92 (6th Cir. 1996). The ALJ has discretion whether to issue a subpoena where necessary for the full presentation of the case. 20 C.F.R. § 416.1450(d)(1); *Flatford v. Chater*, 93 F.3d 1296, 1300 (6th Cir. 1996). When the ALJ gave her an opportunity to present her case at her hearing, Plaintiff did not insist that a subpoena was necessary for the full presentation of her case by renewing her request for a subpoena, by objecting to the lack of ruling on her initial request for a subpoena, by requesting cross-examination of Dr. Geiger, or by presenting the interrogatories. "[A] claimant is required to 'make every effort' to ensure that all material evidence is received by the administrative law judge by the time of the hearing." *Id.* at 1302 (citing 20 C.F.R. § 404.935). Thus, the Court finds that the ALJ did not abuse his discretion by not issuing a subpoena to Dr. Geiger.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF No. 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 9, 2015, R&R (ECF No. 21) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's decision in this case is **AFFIRMED**.

Dated: March 11, 2015                                   /s/ Robert Holmes Bell  
                                                        ROBERT HOLMES BELL  
                                                        UNITED STATES DISTRICT JUDGE